IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| LORI A. NIXON | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CASE NO 6:21-cv-736 |
| v. | § | |
| | § | |
| MARLIN I.S.D. | § | |
| | § | |
| *Defendant* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Lori A. Nixon ("Nixon" or "Plaintiff") files this, her Original Complaint and prayer for relief against Defendant, Marlin I.S.D. ("Marlin" or "Defendant") and in support thereof states the following facts:

## INTRODUCTION

Plaintiff is the victim of unlawful disparate treatment based upon her age and race and brings this action for age and race discrimination under the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq. ADEA), Title VII, and Chapter 21 of the Texas Labor Code.

Plaintiff further claims that Defendant willfully interfered with the exercise of her rights under the Family Medical Leave Act of 1993, 29 U.S.C. '2601, *et seq* by delaying and preventing Plaintiff from taking Medical Leave at her physician's recommendation.

Plaintiff repeatedly reported to her supervisors her concerns that she was a victim of disparate treatment and selective enforcement of the school rules. Plaintiff at the time was the oldest white female employee within the school district. No action was taken, and the hostility only intensified to the point where Plaintiff had no option but to resign. Plaintiff is therefore

seeking damages for unlawful retaliation under the Title VII, he ADEA and Chapter 21 of the Texas Labor Code.

Defendant, through its agents, constructively discharged Plaintiff by harassing her based on her age, threatening her with termination, and delaying Plaintiff's FMLA application. After Plaintiff's constructive discharge, Plaintiff promptly filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Human Rights Division of the Texas Workforce Commission. Plaintiff has filed this lawsuit within 90 days of her receipt of the notice of right to sue letter from the EEOC.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. §1391(c). A substantial part of the events or omissions giving rise to these claims occurred in Western District of Texas, Waco Division, and the parties maintain sufficient contacts in this district to subject them to personal jurisdiction in this district.

## PARTIES

3. Plaintiff, Lori A. Nixon is a resident of Waco, Texas in Falls County, Texas and a former employee of Defendant Marlin ISD. Plaintiff may be contacted through the undersigned counsel.

4. Defendant, Marlin I.S.D is a Municipality located in Falls County, Texas and employer within the meaning of Age Discrimination in Employment Act (29 U.S.C. § 629 (c), Title VII Chapter 21 of the Texas Labor Code, the Family Medical Leave Act and the Texas Government Code.

5. Defendant has waived any governmental immunity to suit or liability since the

Texas Legislature has waived liability for suit and liability as to state discrimination laws. (Texas Labor Code §21.002(9) (d) (defining "employer" to include municipalities and state instrumentalities);§21.254 (allowing civil action). Defendant is not entitled to Eleventh Amendment immunity from suit. *See Hander v. San Jacinto Junior College*, 519 F.2d 273 (5th Cir. 1975).

6. Defendant has further waived governmental immunity from suit under the Family Medical Leave Act.

7. Defendant may be served through the Marlin City Attorney located at Marlin City Hall, 101 Fortune Street, Marlin Texas 76661, or the Texas Attorney General's Office at 300 W. 15 Street, Austin, Texas, 78701, or wherever found.

## FACTUAL ALLEGATIONS

8. Plaintiff is a 58-year-old white female and was a teacher in the Defendant's Middle School located at 678 Success Lane, Marlin, Texas 76661. Plaintiff was employed from May, 2016 until her constructive discharge in November, 2020.

9 Plaintiff was well liked by her co-workers and met or exceeded expectations of her superiors. At the time, Plaintiff was the oldest white female teacher within the Marlin school district. The teaching staff at the Marlin school district is predominantly African American, as are the principal and Superintendent.

10. In approximately July, 2020, Demeka Simmonds ("Simmonds"), who is African American, assumed the position of Principal at the Marlin Middle School, and became Plaintiff's supervisor. Prior to Simmons' assuming the role of Principal, Plaintiff had an excellent work record. Plaintiff had taught for over 24 years without incident or criticism of her performance.

11. Beginning in approximately September, 2020, Simmonds and Superintendent, Dr.

Darrell Hanson ("Hanson"), also African American, made a number of disparaging remarks regarding her age to Plaintiff in the workplace and in front of co-workers.

12. Among the comments that were said to the Plaintiff were such statements as:

"This is not the dark ages" in reference to the manner in which she taught her lessons at the school. In addition to repeatedly telling Plaintiff that she was a failure, Principal Simmonds told Plaintiff there would no longer be 'old school sage on the stage'. Simmonds also told Plaintiff that the school was digitizing, and everything will be technology only.

13. Simmonds told Plaintiff that she had committed her live to the education of the black and brown child. Simmonds then told Plaintiff that she was a failure, and no one would want to hire Plaintiff after being at Marlin. Simmonds also told Plaintiff that the teachers who were older and had been there the longest needed to go because it was the problem with the school.

14. Simmonds unfairly scrutinized Plaintiff's job performance and held Plaintiff to a much higher standard than the other teachers, the majority of whom were African American. Several of the teachers acknowledged that they did not even complete a Lesson Plan. However Simmonds would regularly criticize Plaintiff over her Lesson Plans, which were always prepared.

15. On or about September 17, 2020, Plaintiff contracted COVID. This was immediately after her hour-long exposure with her science colleague.

16. Plaintiff was not offered FMLA leave while she was out sick with COVID. While Plaintiff was out sick with COVID, Simmonds frequently contacted Plaintiff at home and expect her to be accountable for certain lesson plans and school related functions while out sick.

17. During this same time frame, Defendant conducted training classes for the other teachers to learn how to use certain television monitors for teaching purposes. Plaintiff was absent during this time. Upon her return to work, Plaintiff was given less time than the other teachers to

become familiar with the use of the new equipment. Despite Plaintiff's requests that she be given additional time to learn how to use this new technology, Simmonds did not accommodate Plaintiff's request, but instead criticized Plaintiff for being too slow.

18. Simmons also falsely accused Plaintiff of being the subject of multiple parent complaints regarding the teaching of their children. Plaintiff repeatedly requested to see these complaints and understand what was said. Simmonds did not provide any further evidence of such complaints and Plaintiff believes there were no such complaints, and this was a false statement.

19. Plaintiff felt that she had been unfairly singled out on the basis of her age and race. Between the age-related comments and the disparate treatment in comparison with how the other African American teachers were treated, Plaintiff was forced to endure a hostile work environment based upon her age and race. This caused Plaintiff to suffer severe stress and aggravated her post traumatic stress disorder.

20. On October 19, 2020, after Plaintiff's doctor advised her not to return to work due to emotional stress and fatigue, Plaintiff asked Defendant for assistance in applying for a medical leave of absence under the FMLA. Plaintiff was eligible for FMLA leave since she had been employed by Defendant for over 12 months and had over 1250 hours of continuous service.

21. Plaintiff also presented of a serious medical condition by presenting a doctor's note in support of her FMLA request.

22. Defendant did not respond to Plaintiff's FMLA request until October 26, 2020. Plaintiff immediately submitted the FMLA forms on October 27, 2020 but did not hear anything back from Defendant. Plaintiff repeatedly inquired from Defendant about her FMLA application, but received no response until November 9, 2020 when Defendant told Plaintiff that additional information was required before she could be approved for FMLA leave. Plaintiff's doctor had

already filled out the FMLA form specifying the need for FMLA and stating that she needed to be out until further notice.  Defendant could have, and should have contacted Plaintiff's physician to find out approximately how long Plaintiff would need to be out on leave.

23. Plaintiff was already enrolled in a short-term and long-term disability health plan, but was not afforded the opportunity to avail of the same.

24. Defendant was well aware of Plaintiff's stress and medical condition, but insisted on requiring more information.  Defendant deliberately delayed processing of Plaintiff's FMLA application and prevented her from taking her prescribed leave of absence.

25. As a result of the stress caused by the age harassment, disparate treatment and Defendant's failure to promptly process Plaintiff's FMLA application, Plaintiff's health continued to deteriorate as the hostile work environment persisted.  Plaintiff reasonably believed that she had no other option but to resign.

## First Cause of Action

## AGE DISCRIMINATION AND RETALIATION

### (29 U.S.C. § 621 et seq. ADEA)

### (Chapter 21 Texas Labor Code)

26. The foregoing paragraphs in this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

27. Plaintiff filed a charge of age discrimination in November 2020 and received her Notice of Right to Sue letter dated April 16, 2021 on or about April 20,2021.  Plaintiff has filed the instant complaint within 90 days of her receipt thereof.

28. At all times relevant herein, Plaintiff was a member of the protected age bracket and performing her job up to Defendant's expectations.

29. Since approximately September, 2020, Defendant, through its principle and Superintendent, engaged in a campaign to disparage Plaintiff in front of coworkers and made age-related remarks, thereby creating a hostile work environment.

30. Defendant, through its agents, disparately treated Plaintiff by holding her to a different standard than African American co-workers, criticizing her job performance and openly disciplining her, even though her African American co-workers were not held to the same standard.

31. Plaintiff believes and therefore asserts that Defendant was attempting to build a file of meritless criticisms against Plaintiff in order to terminate her.

32. Defendant knew that Plaintiff suffered from Post-Traumatic Stress Disorder ("PTSD") and was easily prone to anxiety and stress. Defendant nevertheless made these age-related comments and the disparate treatment in terms of scrutinizing Plaintiff's job performance and creating false reports about student and parent complaints. In doing so, Defendant, through its agents, aggravated Plaintiff's PTSD and caused her additional suffering and stress.

33. Defendant's actions were consistent with its declared intent to rid the school of the older teachers.

34. Defendant singled out the Plaintiff and created a hostile work environment based upon her age, and constructively terminated Plaintiff's employment.

35. As a result of Defendant's conduct, Plaintiff has suffered damages in the form of lost wages, emotional distress, and anxiety. Plaintiff has also had to retain the services of an attorney to pursue this claim through the instant litigation.

## Second Cause of Action

## RACE DISCRIMINATION IN VIOATION OF TITLE VII AND CHAPTER 21 OF THE TEXAS LABOR CODE

36. The foregoing paragraphs in this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

37. Plaintiff filed a charge of race discrimination in November 2020 and received her Notice of Right to Sue letter dated April 16, 2021 on or about April 20, 2021. Plaintiff has filed the instant complaint within 90 days of her receipt thereof.

38. Defendant's staff and management were predominantly African American. Plaintiff was the only white female at the Marlon Middle School.

39. Defendant's disparate treatment of Plaintiff and caustic remarks created a hostile work environment that were targeted on the Plaintiff because of her age and race.

40. Defendant's conduct was racially motivated and violated Plaintiffs terms and conditions of employment in violation of Title VII and Chapter 21 of the Texas Labor Code.

41. As a result of Defendant's conduct, Plaintiff has suffered damages in the form of lost wages, emotional distress, and anxiety. Plaintiff has also had to retain the services of an attorney to pursue this claim through the instant litigation for which Plaintiff seeks further relief.

### Third Cause of Action

### INTERFERENCE WITH PLAINTIFF'S EXERCISE OF RIGHTS UNDER THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. ' 2611 (FMLA)

42. The foregoing paragraphs in this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

43. Plaintiff was an eligible employee under the FMLA. Plaintiff had worked for Defendant for at least twelve (12) months and had worked at least 1,250 hours during the twelve (12) months prior to taking the leave.

44. Defendant was subject to the provisions of the FMLA. Defendant employed at least

fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's work site for twenty (20) or more work weeks in the prior or current calendar year.

45. At the time of the discharge, Plaintiff had suffered from one or more "serious health conditions" as defined by the FMLA. 29 U.S.C. '2611(11). Plaintiff was suffering from severe stress and anxiety, which required Plaintiff's physician to prescribe an immediate medical leave of absence.

46. This was also a "serious health condition" because it resulted in a period of incapacity, which required treatment by physicians and prescription medications. Plaintiff is under the continuing care of her physicians for treatment for this condition.

47. Defendant interfered with Plaintiff in the exercise of his FMLA rights by unnecessarily delaying Plaintiff's application for FMLA leave and constructively terminating her employment before she could complete her FMLA form.

48. The FMLA's interference provision makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise," any substantive FMLA right. 29 U.S.C. § 2615(a)(1); *see also Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004); *Kauffman v. Fed. Express Corp.*, 426 F.3d 880, 884 (7th Cir. 2005).

49. As a result of her wrongful constructive termination, Plaintiff has suffered damages in the form of lost wages and benefits. Plaintiff is entitled to back pay, front pay, plus interest on that amount, to compensate her for that loss. 29 U.S.C § 2617(a)(1)(A)(i)-(ii).

50. The aforementioned acts were and are a willful violation of the FMLA and entitle Plaintiff to recover damages as provided by 29 U.S.C. '2617, including liquidated damages. Plaintiff further seeks reinstatement to her position or a comparable position with reinstatement of benefits and seniority time.

51.     As a result of Defendant's actions, Plaintiff has found it necessary to hire the services of the undersigned attorneys, for which Plaintiff seeks further relief. 29 U.S.C § 2617(a)(3).

### Fourth Cause of Action

### UNLAWFUL RETALIATION

52.     The foregoing paragraphs in this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

53.     Plaintiff repeatedly complained to Simmonds and Defendant about the desperate treatment and the hostile work environment. Despite her complaints, Defendant continued to unfairly criticize the Plaintiff and treat her disparately, openly in front of other coworkers, suggesting that she was too old and not suitable for the position.

54.     Defendant's continued harassment and promotion of a hostile work environment was in retaliation to Plaintiffs reports which constitute protected activity under Title VII, the ADEA and Chapter 21 of the Texas Labor Code.

55.     The aforementioned acts were and are a willful violation of the Title VII, the ADEA and Chapter 21 of the Texas Labor Code. Plaintiff seeks to recover exemplary damages, attorneys' fees, and costs in addition to back pay and re-instatement or front pay.

### JURY TRIAL

56.     Plaintiff requests a jury trial in this cause.

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1) An order for back pay - i.e., lost wages and benefits, measured by the amount of money which Plaintiff would have earned if she had not been discharged in violation of the statute;

2) An order of reinstatement to her former position of employment under Tex. Lab. Code § 451.002;

3) If reinstatement is not feasible, front pay in lieu of reinstatement – i.e., the amount of money which Plaintiff would be expected to have earned in the future if she had not been discharged in violation of the statute;

4) Compensatory damages in an amount to be determined by the finder of fact;

5) Punitive Liquidated damages;

6) Reasonable attorneys' fees and costs;

7) Pre-judgment and post-judgment interest on all of the foregoing sums; and

8) Such other and further relief as is just.

*Respectfully submitted,*

**KILGORE & KILGORE, PLLC**

By: */s/ Nicholas A. O' Kelly*
NICHOLAS A. O'KELLY
State Bar No. 15241235
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, TX  75204-2471
(214) 969-9099 - Telephone
(214) 953-0133 – Fax
nao@kilgorelaw.com

Clark B. Will
The Law Offices of Clark B. Will
State Bar No. 21502500
Kilgore & Kilgore, PLLC
3109 Carlisle
Dallas, Texas 75204
(214) 379-0834 - Telephone
(214) 953-0133 - Facsimile
cbw@kilgorelaw.com

**ATTORNEYS FOR
PLAINTIFF LORI A. NIXON**